**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | | |
|---|---|---|
| **NATHAN BRACKEN,** | ) | |
| **on behalf of himself and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **NO. C 02-05146 RMW (PVT)** |
| | ) | |
| **HARRIS & ZIDE L.L.P.,** | ) | |
| **ROBERT T. HARRIS, FLINT C. ZIDE,** | ) | **CLASS ACTION** |
| **FRANK TIRRE,** | ) | |
| **Defendants.** | ) | |

<u>**Memorandum in Support of Plaintiff's Motion to Compel**</u>

Dated: December 9, 2003

Respectfully submitted,

Ronald Wilcox, #176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Brian L. Bromberg
Brian L. Bromberg, P.C.
40 Exchange Place, Suite 604
New York, NY 10005
Tel: (212) 248-7906
Fax: (212) 248-7908

Lance A. Raphael
Stacy M. Bardo
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | | |
|---|---|---|
| **NATHAN BRACKEN,** | ) | |
| **on behalf of himself and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. C 02-05146 RMW (PVT)** |
| **v.** | ) | |
| | ) | |
| **HARRIS & ZIDE L.L.P.,** | ) | |
| **ROBERT T. HARRIS, FLINT C. ZIDE,** | ) | **CLASS ACTION** |
| **FRANK TIRRE,** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

**<u>Memorandum in Support of Plaintiff's Motion to Compel</u>**

**I.     Nature of the Case**

Plaintiff Nathan Bracken brought this case as a class action against Defendants Harris & Zide, L.L.P. ("H&Z"), Robert T. Harris, and Flint C. Zide for violations of the Fair Debt Collection Practices Act, ("FDCPA"),[1] which prohibits debt collectors from using false or misleading communications in an attempt to collect a debt.    Plaintiff also brought this action under the California Unfair Business Practices Act, Business and Professions Code §§ 17200, *et seq*. ("CUBPA").

Defendants sent letters, in the form represented by <u>Exhibit A</u> attached to the First Amended Complaint, to the class members.[2]  These letters failed to properly inform the class members of their rights to dispute and request verification of the debt as required under FDCPA § 1692g.  Moreover, Defendants sent these letters on attorney letterhead without first conducting a meaningful attorney review of the collection accounts, thereby violating FDCPA §§ 1692e,

---

[1]     15 U.S.C. §§1692, *et seq.*

[2]     A copy of the First Amended Complaint with the exhibit is attached as <u>Exhibit A</u>.

e(3) and e(10), and in contravention of at least four circuit court opinions regarding attorney

obligations under the FDCPA.[3]   And in these letters, Defendants threatened immediate suit but

did not sue.  Since it appears that it is not Defendants' practice to immediately sue, Defendants

have violated FDCPA §§ 1692e, e(2), e(5) and e(10) by threatening an action they had no

intention of taking.  Finally, Defendants' FDCPA violations give rise to claims under the

CUBPA, thus allowing for injunctive relief.[4]

Defendants responded to the original Complaint by interposing twenty-four boilerplate

affirmative defenses.[5]  Defendants responded to the First Amended Complaint with a motion to

dismiss and for summary judgment that is still pending.  To satisfy Plaintiff's burden of proof

and oppose Defendants' motion, on March 28, 2003, Plaintiff requested documents and

information exclusively in Defendants' control.[6] On April 30, 2003, Defendants faxed a seventy-

six-page tome, objecting to 17 of the 18 interrogatories and 20 of the 21 production requests

despite their obvious relevance to the claims in this case that Defendants violated the FDCPA

and CUBPA.[7]  On May 27, 2003, Plaintiff followed up with a letter providing detailed arguments

and caselaw showing that Defendants' objections were groundless.[8]  On December 5, 2003,

---

[3]      *See Nielsen v. Dickerson* 307 F.3d 623 (7th Cir. 2002); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

[4]      *See Ballard v. Equifax Check Services, Inc.*, 27 F.Supp.2d 1201, 1207 (E.D. Cal. 1998); *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1057 (N.D.Cal. 2000); *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354, 1373-1376 (E.D. Cal. 1995).

[5]      A copy of Defendants' answer to the Complaint is attached as <u>Exhibit B</u>.

[6]      A copy of Plaintiff's First Set of Written Discovery is attached as <u>Exhibit C</u>.

[7]      A copy of Defendants' Responses to Plaintiff's First Set of Written Discovery is attached as <u>Exhibit D</u>.

[8]      A copy of Plaintiff's May 27, 2003 letter is attached as <u>Exhibit E</u>.

1  Plaintiff provided eleven more pages of excuses for failing to provide meaningful responses to

2  discovery.[9]  Finally, on December 5, 2003, during the parties' Rule 37 conference, Defendants'

3  counsel advised that Defendants were standing by their objections, except that they might be

4  "willing to change" their responses to three requests for production.  No supplemental responses

5  have been received.

6          Depositions of Defendants' witnesses have been scheduled for Monday, January 19 and

7  20, 2004.  Because a number of documents must be produced in order for the depositions to be

8  meaningful, Plaintiff requests that the Court hold a telephonic conference on the hearing for this

9  motion on January 13, 2004.  In the interests of judicial economy, Plaintiff has limited this

10 motion almost entirely to the documents and interrogatory responses necessary to proceed

11 immediately with Defendants' depositions.

12 **II.     Discovery Principles**

13         "Our system of discovery was designed to increase the likelihood that justice will be

14 served in each case, not to promote principles of gamesmanship and deception in which the

15 person who hides the ball most effectively wins the case."[10]  "A primary purpose of discovery is

16 to enhance the reliability of the fact-finding process by eliminating distortions attributable to

17 gamesmanship."[11]

18         Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could

19 lead to other matter that could bear on, any issue that is or may be in the case  [including] a

20 variety of fact-oriented issues [which] may arise during litigation  that  are  not  related  to  the

---

[9]     A copy of Defendants' December 5, 2003 letter is attached as <u>Exhibit F</u>.

[10]    *Abrahamsen v. Trans-State Express*, 92 F.3d 425, 428-29 (6th Cir. 1996).

[11]    *Traxler v. Ford Motor Co.*, 227 Mich. App. 276, 576 N.W.2d 398, 409 n.1 (Mich. App. 1998).

1   merits."[12]  It is the defendant's burden to persuade the Court that the information it has refused to

2   provide is outside the scope of discovery.[13]

3       Denying a party discovery as to issues in the case prejudices the plaintiff's ability to

4   prosecute.[14]

5   **III.   Legal Discussion**

6       **a.   Interrogatories**

7

8   **Interrogatory No. 2 –** Identify all documents related to Plaintiff's alleged debts which were in
    each of the Defendants' physical possession when each of the letters bearing a letterhead of
    Harris & Zide, LLC (including without limitation the letter attached as Exhibit A to the

9   Complaint) were transmitted to the Plaintiff about the Plaintiff's alleged debts.  In so doing,
    specify the date the document was received, the nature of the document, when and by whom the

10  document was reviewed, and the letter(s) to which the document relates.

11
    **Response to Interrogatory No. 2** – Objection.  This interrogatory is vague and ambiguous,
12  including but not limited to what is meant by "document" and what is meant by "letters to which
    the document relates."  This interrogatory is compound.  This interrogatory also seeks
13  information that is not likely to lead to the discovery of admissible information.  This
    interrogatory also seeks information that is subject to the attorney-client communication
14  privilege and the attorney work product doctrine.  Notwithstanding this objection, and without
    waiving this objection, responding party responds as follows: Harris & Zide received initial
15  information from its client regarding Mr. Bracken and the debt he owed to Citibank on August
    14, 2002.  This information was reviewed on August 15, 2002, by Robert Harris.
16

17  **Interrogatory No. 18 –** Identify all documents transmitted to Defendants regarding Plaintiff's
    alleged debts to Citibank South Dakota, N.A. on or before the date Defendants first
18  communicated with the Plaintiff.

19
    _____
20  [12]    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Yancey v. Hooten*, 180 F.R.D.
    203, 207 (D. Conn. 1998).

21  [13]    *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984);
    *White v. Beloginis*, 53 F.R.D. 480, 481 (S.D.N.Y.  1971); *Elgin FCU  v. Canter, Fitzgerald Securities*, 91
22  F.R.D. 414, 419 (N.D. Ga. 1981); *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570, 572-73 (1975).

23  [14]    *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980)(denial of
    reasonable opportunity to elicit information within control of adversary); *Trevino v. Celanese Corp.*, 701
24  F.2d 397, 405-05 (5th Cir. 1983)(restriction of scope of discovery in Title VII case hamstrung the private
    attorney general plaintiff in proving pattern of discrimination); *Matter of Rassi*, 701 F.2d 627, 631 (7th
25  Cir. 1983); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)(abuse to fail to adhere to the  liberal
    spirit of the rules).

**Response to Interrogatory No. 18** – Objection.  This interrogatory is vague and ambiguous as to what is meant by "document."  This interrogatory is compound.  This interrogatory also seeks information that is not likely to lead to the discovery of admissible information.  This interrogatory also seeks information that is subject to the attorney-client communication privilege and the attorney work product doctrine.  This interrogatory is also duplicative of Interrogatory No. 2.

**Legal discussion regarding Interrogatory Nos. 2 and 18** – Defendants' answers are unresponsive.  Defendants were asked to identify those documents that were in their possession before each letter was sent to Plaintiff.

**Relevancy:** This information is directly relevant to two of the central issues of this litigation: (a) are Defendants operating a debt collection mill masquerading as a law firm? And (b) are Defendants threatening imminent litigation without any intent to act on these threats?

Thus, the issue is one of whether Defendants are conducting a meaningful review before sending debt collection letters.  Highly relevant questions to this inquiry are: (a) is an account review performed before a debt collection letter leaves the office? (b) Who performs the review? (c) For how long? (d) Of what does the review consist? (e) What mechanisms, if any, are in place to make certain that an attorney reviews a file before a debt collection letter is sent out?  These are matters that have been frequently addressed by the Circuit Courts with respect to attorney debt collection.[15]  The only way to fill in the blanks as to Defendants' internal operations is to inquire as to who did what and when.

**Definition of "Document":** Defendants' claim not to understand the word "document" is disingenuous.  The term "document" is specifically defined in Federal Rule of Civil Procedure 34(a) as "writings, drawings, graphs, charts, photographs, phonorecords, and other data

---

[15]     *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292; *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993); *Nielsen v. Dickerson* 307 F.3d 623 (7th Cir. 2002); *Boyd v. Wexler,* 275 F.3d 642 (7th Cir. 2001); *Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996).

compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form."

**"Compound":** First, "compound" is only a valid objection to live testimony when the witness wouldn't know which of two or more questions to answer. This consideration is not present in answering interrogatories.

Second, Defendants' claim that the interrogatory is "compound" is also disingenuous. In Interrogatory No. 1, Defendants admit to sending a letter to Plaintiff. Now Defendants must identify what documents were in each of the Defendants' possession when the letter was sent. And in identifying the document, Defendants must "specify the date the document was received, the nature of the document, when and by whom the document was reviewed…."

**Attorney-Client Privilege:** Defendants also object on the basis that the demand seeks privileged documents. But Defendants have not provided any substantiation for this objection. They have waived the objection. A party's unilateral perception does not begin to meet the stringent standards for confidentiality.[16]

**Defendant has waived all objections**: Available reported cases and practice aids make it clear that by objecting and answering, a respondent in fact waives objections.[17] The discovery request must be answered in full.

---

[16]    *See Baxter Intl., Inc. v. Abbott Labs*, 297 F.3d 544 (7th Cir. 2002), *citing Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy); *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998).

[17]    *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response. This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection

**Discussion regarding Interrogatory Nos. 7 and 8**

**Interrogatory No. 7** – Set forth the number of collection letters sent on Harris & Zide, LLC letterhead during 2001 or provide your best estimate based on your records to the nearest 100.

**Response to Interrogatory No. 7** – Objection.  This interrogatory is vague and ambiguous as to the phrase "collection letter."  This interrogatory also seeks information that is unlikely to lead to the discovery of admissible evidence and is irrelevant.  Discovery is limited by the allegations in the operative complaint.  Notwithstanding these objections, and without waiving these objections, responding party responds as follows:  Responding party's best estimate as to the number of letters sent in the form attached as Exhibit A to the First Amended Complaint in 2001 by Harris & Zide is that no letters were sent by Harris & Zide.

**Interrogatory No. 8** – Set forth the number of collection letters sent on Harris & Zide, LLC letterhead during 2002 or provide your best estimate based on your records to the nearest 100.

**Response to Interrogatory No. 8** – Objection.  This interrogatory is vague and ambiguous as to the phrase "collection letter."  This interrogatory also seeks information that is unlikely to lead to the discovery of admissible evidence and is irrelevant.  Discovery is limited by the allegations in the operative complaint.  Notwithstanding these objections, and without waiving these objections, responding party responds as follows: Responding party's best estimate as to the number of letter's sent in the form attached as Exhibit A to the First Amended Complaint in 2002 by Harris & Zide is that roughly, approximately 2,800 letters were sent in 2002 by Harris & Zide in the form attached as Exhibit A to the First Amended Complaint.

**Legal discussion regarding Interrogatory Nos. 7 and 8** – Defendants have not answered the question asked.  The question was not how many letters in the form attached as <u>Exhibit A</u> to the First Amended Complaint were sent but how many "collection letters" <u>of any kind</u> were sent during 2001 and 2002.  This goes to Defendants' credibility regarding whether Defendants have sufficient resources to meaningfully review collection accounts before communicating with alleged debtors.

---

is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699 ("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and Procedure*, §2173 (1994).

And the term "collection letter" is neither "vague" nor "ambiguous."  Defendants claim in their debt collection letters to be "debt collection attorneys."  Defendants' response presumes that Defendants do not understand the meaning of the very words they are using.

Finally, Defendants' response that these requests go beyond the scope of discovery is just plain wrong.  In *Nielsen v. Dickerson*,[18] the Court held that "[T]he numbers (recall that [the client] referred [the attorney] an average of some 2,000 accounts per month) and assembly-line fashion in which [the attorney's] letter was issued betray the purely nominal nature of his participation in the collection process."  And in *Boyd v. Wexler*,[19] the Court held that the high volume of mail handled by a debt-collecting attorney was relevant to his credibility.  Although the attorney claimed in an affidavit to have reviewed plaintiff's file before sending letters, the volume of mail suggested both that the attorney might not have had time to review the file and that he might not remember accurately.

**Discussion regarding Interrogatory No. 11**

**Interrogatory No. 11** – In what percent of the number of cases set forth in Interrogatories 7, 8, and 9 have the Defendants filed suit in California if the debtor did not pay?  Please break down the response with respect to each interrogatory.

**Response to Interrogatory No. 11** – Objection.  This interrogatory is vague and ambiguous as it references the number of cases set forth in Interrogatories 7, 8, and 9, while Interrogatories 7, 8, and 9 do not discuss cases.  This interrogatory is also compound.  However, responding party will assume that this interrogatory seeks information regarding the percentage of cases that are filed by Harris & Zide out of the percentage of cases that are referred to Harris & Zide. Notwithstanding these objections and without waiving these objections, responding party responds as follows: Unless a client terminates Harris & Zide's representation of the client with respect to a specific litigation matter, Harris & Zide files a lawsuit with respect to 100% of the matters referred by Harris & Zide's clients unless, for example, (1) the defendant has resolved the matter in such a manner that is acceptable to the client; (2) the client recalls the account; (3) correspondence comes back as undeliverable and further efforts to locate the debtor are to no

---

[18]    307 F.3d 623, 637 (7th Cir. 2002).

[19]    275 F.3d 642, 648 (7th Cir. 2002).

avail; and (4) Harris & Zide learn that the debtor has filed bankruptcy since the matter was referred to Harris & Zide from Citicorp.

**Legal discussion regarding Interrogatory No. 11** – Defendants must answer the question asked.  The interrogatory asks for the percentage of cases in which suit is filed.  This is directly relevant to the issue of whether Defendants' intended to carry out their threats of imminent suit.  Defendants' interrogatory response is essentially that suit is filed in 100% of cases unless suit is not filed, listing four alleged exceptions.

Now Defendants must, at the very least, answer the question by breaking down those four circumstances.  That is, Defendants must state in what percentage of cases suit is not brought because "(1) the defendant has resolved the matter in such a manner that is acceptable to the client; (2) the client recalls the account; (3) correspondence comes back as undeliverable and further efforts to locate the debtor are to no avail; and (4) Harris & Zide learn that the debtor has filed bankruptcy since the matter was referred to Harris & Zide from Citicorp."

**"Compound":** "Compound" is only a valid objection to live testimony when the witness wouldn't know which of two or more questions to answer.  This consideration is not present in answering interrogatories.

**Defendant has waived all objections**: Available reported cases and practice aids make it clear that by objecting and answering, a respondent in fact waives objections.[20] The discovery request must be answered in full.

---

[20]     *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response.  This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699

**Discussion regarding Interrogatory No. 14**

**Interrogatory No. 14** – State the job description for each staff member each Defendant employs at each of the Defendants' locations (attorney, paralegal, secretary, etc.) and how many staff members are employed in each job description at each location.  Identify all staff personnel at Defendants' California offices.

**Response to Interrogatory No. 14** – Objection.  This interrogatory is vague as to scope.  This interrogatory is compound.  This interrogatory is vague and ambiguous as to the phrase "staff member."  This interrogatory seeks information that is not likely to lead to the discovery of admissible evidence, especially when this action has not been certified as a class action.  (See Powell v. Computer Credit, Inc. (S.D. Ohio 1997) 975 F.Supp. 1034, 1039; Dewey v. Associated Creditors, inc. Midwest Billing Serv. (W.D. Wisc. 1996) 927 F.Supp. 1172, 1175-76; Byes v. Credit Bureau Enterprises, Inc.(E.D. La. 1995) slip op., 1995 U.S. Dist. LEXIS 13559, *2.)  Notwithstanding these objections, and without waiving these objections, responding party responds as follows: The allegations of the First Amended Complaint focus ont eh period of time prior to the mailing of the August 15, 2002, letter to Mr. Bracken.  Thus, persons that had involvement with Mr. Bracken's account prior to the mailing of the August 15, 2002 letter was Mr. Harris, an attorney in the law firm of Harris & Zide.

**Legal discussion regarding Interrogatory No. 14** – Defendants must answer the question asked.  Who works for Defendants?  This goes directly to the issue of whether (a) Defendants are acting as a collection agency or as attorneys, and (b) the use of Defendants' names on collection letters is deceptive.  This also goes to the issue of whether Defendants have sufficient staff to meaningfully review collection accounts before letters are sent, and whether non-lawyer staff is performing the functions that should be performed by lawyers before letters are sent out on lawyer letterhead.  Finally, this question may reasonably lead to the discovery of additional witnesses.

---

("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and Procedure*, §2173 (1994).

**"Compound":** "Compound" is only a valid objection to live testimony when the witness wouldn't know which of two or more questions to answer.  This consideration is not present in answering interrogatories.

**Defendant has waived all objections**: Available reported cases and practice aids make it clear that by objecting and answering, a respondent in fact waives objections.[21]  The discovery request must be answered in full.

### b.  Requests for Production of Documents

**RPD No. 1** – All documents transmitted to Defendants regarding Plaintiff's alleged debts to Citibank South Dakota, N.A. on or before the date Defendants first communicated with the Plaintiff.

**Response to RPD No. 1** – Responding party OBJECTS to this demand upon the ground that this demand seeks documents that are privileged as attorney client communications. Notwithstanding this Objection, and without waiving this objection, responding party responds as follows: Responding party sent the letter, a true and correct copy of which is attached to the First Amended Complaint as Exhibit A, to plaintiff Bracken on August 15, 2002.

**Legal Discussion regarding RPD No. 1** – Despite a boilerplate objection, Defendants promise to produce "All documents transmitted to Defendants regarding Plaintiff's alleged debts to Citibank South Dakota, N.A. on or before the date Defendants first communicated with the Plaintiff."  By letter dated December 5, 2003, Defendants reneged on this promise, claiming attorney-client privilege for the same reasons set forth in response to Interrogatory No. 2.  For

---

[21]       *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response.  This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699 ("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and Procedure*, §2173 (1994).

the same reasons, Defendants' objection is frivolous.

**Defendant has waived all objections:** Available reported cases and practice aids make it clear that by objecting and answering, a respondent in fact waives objections.[22]  The discovery request must be answered in full.

**RPD No. 2 –** All documents transmitted to Plaintiff by or on behalf of Defendants regarding Plaintiff's alleged debts to Citibank South Dakota, N.A.

**Response to RPD No. 2 –** Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-client communications.  Also, this request seeks documents that are not likely to lead to the discovery of admissible evidence. Relevance is limited by the allegations of the Complaint, which allege that responding party violated the law upon the sending of the August 15, 2002 letter. Therefore, any activity after August 15, 2002, is immaterial and irrelevant. As to documents that were sent to responding party prior to August 15, 2002, responding party OBJECTS to this demand upon the ground that this demand seeks documents that are equally available to plaintiff: the August 15, 2002 letter. It would be unduly burdensome and oppressive to reproduce this document. Responding party will not produce any documents responsive to this request.

**Legal Discussion regarding RPD No. 2 –** In this interrogatory, Plaintiff has requested all documents transmitted to Plaintiff, Nathan Bracken, *not* to Defendants.

**Privilege:** Therefore, Defendants objections are nonsensical.  Requests for documents transmitted to Plaintiff cannot be covered by attorney-client privilege.  Plaintiff is *not* Defendants' client.

**Relevance:** One of the essential elements of this case is whether Defendants intended to carry

---

[22]     *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response.  This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699 ("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and Procedure*, §2173 (1994).

out their threats to commence suit against Plaintiff.  All communications between the parties are

relevant, not only to the case-in-chief but also to responding to the dozens of boilerplate

affirmative defenses set forth in Defendants' answer to the original Complaint.

**Defendant has waived all objections:** Available reported cases and practice aids make it clear

that by objecting and answering, a respondent in fact waives objections.[23]  The discovery request

must be answered in full.

**Discussion regarding RPD No. 5**

**RPD No. 5 –** All telephone records showing communications between Defendants and Plaintiff
on each date of communication or attempted communication.

**Response to RPD No. 5** – Responding parry OBJECTS to this demand upon the ground that this
demand seeks documents that are not likely to lead to the discovery of admissible evidence.
Relevance is limited by the allegations of the Complaint, which alleges that responding party
violated the law upon the sending of the August 15, 2002 letter. Therefore, telephonic
communications, all of which occurred after August 15, 2002, are immaterial and irrelevant.
Responding party will not be producing any documents in response to this request.

**Legal discussion regarding RPD No. 5** – Defendants threatened Plaintiff with suit if he did not

pay the alleged debt after he received the initial debt collection letter.  Whether Defendants agree

or disagree with these allegations is immaterial – these claims are part of the complaint.

Therefore, Defendants' actions after the date of the letter, August 15, 2002, are relevant.

---

[23]     *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA.
1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting
and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C.
1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104
F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also
answered the interrogatory in the same response.  This procedure is improper."); *Meese v. Eaton Mfg.
Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies the objection, the objection
is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699
("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414
("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and
Procedure*, §2173 (1994).

1

And in their motion to dismiss, Defendants claim that telephone conversations took place

2

with representatives of the Plaintiff.  Defendants claim that these telephone conversations

3

allegedly dissuaded them from carrying out their threats to immediately file suit.  These claims

4

about post-August 15, 2002 occurrences are relevant.

5

Defendants must produce all post-August 15, 2002 documents and telephone records and

6

"All documents [both pre- and post-August 15, 2003] concerning Plaintiff's alleged debts and

7

Defendants' efforts to investigate and collect thereon, including internal collection records, audit

8

records, and correspondence."

9

**Attorney-Client Privilege:** Defendants also object on the basis that the demand seeks privileged

10

documents. But Defendants have not provided any substantiation for this objection.  Defendants

11

have waived the objection. A party's unilateral perception does not begin to meet the stringent

12

standards for confidentiality.[24]

13

**Defendant has waived all objections:** Available reported cases and practice aids make it clear

14

that by objecting and answering, a respondent in fact waives objections.[25]  The discovery request

15

must be answered in full.

16

17

_____

18

[24]     *See Baxter Intl., Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002), citing *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy); *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998).

19

20

[25]     *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response.  This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699 ("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller:  *Federal Practice and Procedure*, §2173 (1994).

21

22

23

24

25

**Discussion regarding RPD No. 6**

**RPD No. 6 –** All manuals, procedures, and protocols used by Defendants to comply with the Fair Debt Collection Practices Act.

**Response to RPD No. 6** – Responding party OBJECTS to this demand upon the ground that this demand seeks documents that are not likely to lead to the discovery of admissible evidence. Relevance is limited by the allegations of the Complaint, which alleges that responding party violated the law upon the sending of the August 15, 2002 letter. Therefore, only such manuals and other documents reflecting procedures and protocols used by responding parry to comply with the Fair Debt Collection Practices Act relevant to the allegations of the First Amended Complaint are material and relevant. Responding party also OBJECTS on the grounds of attorney work product doctrine. Notwithstanding these objections, and without waiving these objections, responding party respond as fol1ows: Responding party uses <u>A Guide to the Fair Debt Collection Practices Act</u> (Am. Collectors Ass'n 2001) to comply with the Fair Debr Collection Practices Act. However, this is a copyrighted publication that cannot be reproduced and is publicly available from the American Collectors Association, Inc. for a nominal amount.

**Legal discussion regarding RPD No. 6** – These documents are highly relevant. Faced with similar objections in *Pullen v. Arrow Financial Services, LLC*,[26] a case that did not even involve an attorney debt collector, the court held that

> An examination of the … letter raises a legitimate question concerning the training, if any at all, of the individual who composed it. The letter also raises a legitimate concern whether anyone employed by the defendant reviewed, thought about, or even read, the letter before it was dispatched to the plaintiff. The letter bears the letterhead of "Arrow Financial Services LLC" and, therefore, reflects directly on the defendant and its business practices in this federally regulated industry.[27]

Moreover, collection manuals are routinely provided without objection. And if objection is posed, it is not sustained.[28] Moreover, as set forth above, the boilerplate objections are not properly substantiated or supported, and no log is provided. The

---

[26] D.Conn., No. 02-CV-647 (D.Conn. October. 17, 2002) (Attached as <u>Exhibit G</u>).

[27] *Id.* at 9.

[28] *See, e.g.*, *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D. Conn. 1998).

issue of processing consumer disputes is directly related to plaintiff's claims and to

Defendants' claims of lack of intent and so-called "bona fide error defense."

**Discussion regarding RPD No. 7**

**RPD No. 7 –** All documents identified in response to the first set of interrogatories.

**Response to RPD No. 7** – Responding party OBJECTS to this demand upon the ground that this demand on the basis that the interrogatories in question were vague and ambiguous. The interrogatories in question also seek information that is not likely to lead to the discovery of admissible information. The interrogatories in question also seeks information that is subject to the attorney-client communication privilege and the attorney work product doctrine. Responding party objects to this demand upon the ground that this demand seeks documents that are equally available to plaintiff: the August 15, 2002 letter, and the contract attached as Exhibit 3 in support of the Motion to Dismiss. In light of these circumstances, it would be unduly burdensome and oppressive to reproduce these documents. Responding party will not produce any documents responsive to this request.

**Legal discussion regarding RPD No. 7** – Defendants must produce "All documents

identified in response to the first set of interrogatories." Defendants' stream of

boilerplate objections do not specifically set forth any reason why Defendants cannot

produce documents that have already been identified.

**Defendant has waived all objections:** Available reported cases and practice aids make it

clear that by objecting and answering, a respondent in fact waives objections.[29] The

discovery request must be answered in full.

---

[29]     *See, e.g., Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586, n.4 (C.D. CA. 1999) (responding party waives objections to supernumerary interrogatories by conterminously objecting and answering them); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998) (citing with approval *Meese v. Eaton Mfg. Co.* and *Moses v. State Farm*); *Moses v. State Farm*, 104 F.R.D. 55, 58 (N.D. Ga. 1984) ("Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response. This procedure is improper."); *Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Oh. 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."); *see also CJS Federal Procedure*, §699 ("Objections—Waiver of Objections") (2003); *Federal Procedure, Lawyer's Edition*, §26:414 ("Voluntary Answer as Waiver of Objection") (2002); Wright & Miller: *Federal Practice and Procedure*, §2173 (1994).

**Discussion regarding RPD Nos. 8**

**RPD No. 8** – All documents consulted in responding to the first set of interrogatories.

**Response to RPD No. 8** – Responding party OBJECTS to this demand upon the ground that this demand seeks documents protected by the attorney work product doctrine.  Also, the documents sought are not likely to lead to the discovery of admissible evidence.  Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp. (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.  Responding party will not produce any documents.

**Legal discussion regarding RPD No. 8** – Defendants must produce "All documents consulted in responding to the first set of interrogatories."  Plaintiff has a right to know how Defendants came up with the statistics and claims produced in response to the Interrogatories.  The entire reason for discovery is to allow the parties to delve into the underlying claims.  Defendants' thought processes are irrelevant; Plaintiff needs to view the "raw" documents from which the responses were prepared.

Finally, the three cases that Defendants cite in opposition to this interrogatory request are completely irrelevant.  In each and every case the interrogatory asked for the names of persons assisting in preparation of answers to interrogatories.  Plaintiff is not requesting the names of these individuals; Plaintiff is requesting the documents used to prepare the responses.

**Discussion regarding RPD Nos. 14 and 15**

**RPD No. 14** – All collection records maintained by Defendants as to Plaintiff's accounts, with a key to abbreviations used thereon, such as codes for letters, personnel, activities.

**Response to RPD No. 14** – Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-client communications.  This demand is also vague and ambiguous as to what is meant by the phrase "collection records."  Also, responding party seeks documents that are not likely to lead to the discovery of admissible evidence.  Relevance is limited by the allegations of the Complaint, which allege that responding party violated the law upon the sending of the August 15, 2002, letter.  Therefore, any activity after August 15, 2002, is immaterial and irrelevant.  As to collection records regarding activity prior to August 15, 2002, this portion of the request is duplicative of request No. 9.  Responding party will not produce any documents in response to this request.

**RPD No. 15** – All documents, logs, and correspondence relating to Plaintiff's alleged debts to creditors, including but not limited to Citibank South Dakota, N.A.

**Response to RPD No. 15** – Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-client communications.  This demand is also vague and ambiguous as to what is meant by the phrase "documents, logs, and correspondence."  Also, responding party seeks documents that are not likely to lead to the discovery of admissible evidence.  Relevance is limited by the allegations of the Complaint, which allege that responding party violated the law upon the sending of the August 15, 2002, letter.  Therefore, any activity after August 15, 2002, is immaterial and irrelevant.  As to documents obtained after August 15, 2002, or activity by responding party after August 15, 2002, which related to plaintiff, this portion of the request is duplicative of request No. 9 and 14.  Responding party will not produce any documents in response to this request.

**Legal discussion regarding RPD Nos. 14 and 15** – Defendants must produce "All collection records maintained by Defendants as to Plaintiff's accounts, with a key to the abbreviations used thereon, such as codes for letters, personnel, activities."  And Defendants must produce "All documents, logs, and correspondence relating to Plaintiff's alleged debts to creditors, including but not limited to Citibank South Dakota, N.A."

First, Defendants' claim that only pre-August 15, 2002, materials are relevant is belied by Defendants' reliance on alleged post-August 15, 2002 materials and alleged conversations in defense of this action.

Second, threats of immediate litigation made in the August 15, 2002 letter necessarily refer to actions that will presumably take place post-August 15, 2002.

Third, this question has already been found 100% proper in the leading FDCPA discovery case of *Yancey v. Hooten*:

> *Production Requests (5) & (6): GRANTED*
> **All collection records maintained by defendant as to plaintiff's account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities.**
> **All documents, logs and correspondence relating to plaintiff's alleged debt to creditor.**
> **Log: The document sought is maintained on a computer, and is a record of all collection activity, the record is cumulative and has no date, there is no author of the record, and the document has no recipient.**
>
> The plaintiff contends that she is entitled to this document as it is not privileged. The defendant objects to this discovery as irrelevant to this matter and/or protected by attorney-client privilege or attorney work product immunity. The court finds the document may lead to the discovery of admissible evidence concerning the defendants' debt collection activities. Additionally, the defendant does not provide, nor can the court find, any reason to invoke the attorney-client privilege. With respect to the defendant's claimed attorney work product immunity, due to the great number of accounts referred to collection agencies and the few which are actually litigated, it is not reasonable to assume that the defendants prepared the collection record in anticipation of imminent litigation. Thus, the defendant is directed to provide the document sought by these discovery requests.[30]

---

[30]      180 F.R.D. at 213.

c.      Other Matters

**"Law Offices of Harris & Zide, L.L.P. Account Detail Report":** Defendants must

provide the first page and all redacted portions of this printout.[31]  As explained above,

Defendants are relying on claims of communications between the parties that supposedly took

place after August 15, 2002.  Those communications are relevant and admissible and should

therefore be produced.

IV.     **Conclusion**

Because Defendants cannot sustain their burden of proof as to any of their boilerplate

objections, Plaintiff's Motion to Compel should be granted.

Dated:          December 9, 2003

Respectfully submitted,

Brian L. Bromberg, P.C.


/s/ Brian L. Bromberg
Brian L. Bromberg

---

[31]      A copy of which is attached as Exhibit H.