Mark E. Ellis - 127159
June D. Coleman - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Tel: (916) 565-0300
Fax: (916) 565-1636

Attorneys for Defendants
HARRIS & ZIDE, L.L.P. and FLINT C. ZIDE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NATHAN BRACKEN,<br><br>  Plaintiff,<br><br>v.<br><br>HARRIS AND ZIDE, L.L.P., ROBERT T. HARRIS, FLINT C. ZIDE, AND FRANK TIRRE,<br><br>  Defendants. | Case No.: C02 05146 RMW PVT<br><br>**DECLARATION OF JUNE D. COLEMAN IN SUPPORT OF OPPOSITION TO BRACKEN'S MOTION TO COMPEL**<br><br>**Date: January 13, 2004**<br>**Time: 10:00 a.m.**<br>**Courtroom: 5** |

I, June D. Coleman, declare that:

1.    I am an attorney duly licensed to practice in all courts of the State of California, and am an associate with the law firm of Murphy, Pearson, Bradley & Feeney, attorneys of record for defendants HARRIS AND ZIDE, L.L.P., and FLINT C. ZIDE herein. I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.    Although Bracken's First Amended Complaint contains class allegations in conjunction with an individual claim, Bracken has not certified this matter as a class action since it was filed almost a year ago.

- 1 -

1    3.    Bracken served his first discovery request on March 28, 2003, by mail. Defendants
2  served their responses on April 30, 2003. A month later, Mr. Bromberg, one of plaintiff's counsel,
3  faxed a letter to me taking issue with some of defendants' responses. As the parties were to conduct an
4  early neutral evaluation session the next day, May 28, 2003, I did not respond to Mr. Bromberg's
5  letter. There seemed little use in responding to the correspondence after May 28, 2003, because I
6  believed that the parties had reached a settlement. It was not clear to me that the parties had not
7  reached a settlement until late in July 2003, when plaintiff's counsel failed to complete certain
8  activities. After it became apparent that the parties had not reached a settlement, the parties waited for
9  a hearing on defendants' motion to dismiss, which had been fully briefed in April, and which was
10 eventually heard on October 17, 2003. The parties are still awaiting a ruling on the motion to dismiss.
11 Until recently, in November 2003 when the parties discussed depositions, it appeared as though the
12 parties were awaiting a ruling before moving forward with this case. Therefore, there appeared no
13 need to respond to Mr. Bromberg's letter. Indeed, given the length of time and events that had
14 occurred, there was some question in my mind as to whether the issues raised in Mr. Bromberg's letter
15 were still of interest to Mr. Bromberg. However, once Mr. Bromberg raised this issue again on
16 November 20, 2003, I responded with further information, suggestions as to how to address various
17 discovery issues, and offers to supplement responses. This response was delayed because of the
18 Thanksgiving holidays, sickness, and other commitments that kept me from the office.

19   4.    As noted in my response to Mr. Bromberg, defendants have supplemented their
20 discovery responses, as promised, and produced previously redacted portions of the Harris & Zide
21 **Citibank v. Bracken** file, although further responses and production of documents was delayed by the
22 holidays and vacation plans. A true and correct copy of Harris & Zide's Responses to Request for
23 Production of Documents is attached hereto as **Exhibit 3**. A true and correct copy of Harris & Zide's
24 Supplemental Responses to Request for Production of Documents is attached hereto as **Exhibit 2**.

25   5.    After I sent my response to Mr. Bromberg, we met and conferred with Mr. Raphael,
26 another counsel for plaintiff, over the telephone. At that time, Mr. Bromberg and Mr. Raphael did not
27 seek to discuss issues raised in defense counsel's written response. Mr. Raphael sought to know how

28

- 2 -

**DECLARATION OF JUNE D. COLEMAN IN SUPPORT OF OPPOSITION TO BRACKEN'S MOTION TO COMPEL**

1  many responses defendants would supplement and sought to discuss the scheduling of the motion to
2  compel.   Mr. Bromberg added nothing of substance to the meet and confer session.   Indeed, Mr.
3  Bromberg and Mr. Raphael even made vague comments referring to e-mail messages that they were
4  passing between themselves during the telephone conference which apparently related to another case.
5  For all intents and purposes, plaintiff's counsel has not addressed the issues raised in my December 5,
6  2003 letter

7        6.      During our meet and confer session, Mr. Raphael sought to have the hearing on
8  Bracken's Motion to Compel on January 13, 2004.   However, I was unavailable to file an opposition
9  brief on December 23, 2003, as provided for in the local rules, because of a pre-planned vacation out
10 of the state.   I objected to a January 13, 2004 hearing on that basis.   Mr. Raphael indicated he would
11 not object to defendants filing an opposition on December 30, 2003, to accommodate my
12 unavailability.   Mr. Raphael also stated that plaintiff would file a reply brief, if necessary, by January
13 5, 2004.

14       I declare under penalty of perjury under the laws of the State of California that the foregoing
15 is true and correct and that this Declaration was executed on this 30th day of December 2003, in
16 Sacramento, California.

17

18                                 By  /s _____
19                                     JUNE D. COLEMAN

20 JDC.10201270

21

22

23

24

25

26

27

28                                          - 3 -

1   Mark E. Ellis - 127159
    June D. Coleman - 191890
2   MURPHY, PEARSON, BRADLEY & FEENEY
    701 University Avenue, Suite 150
3   Sacramento, CA  95825
    Tel: (916) 565-0300
4   Fax: (916) 565-1636

5   Attorneys for Defendants
    HARRIS & ZIDE, L.L.P., ROBERT T. HARRIS, FLINT C. ZIDE
6

7                   UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9                       SAN JOSE DIVISION

10

11  NATHAN BRACKEN,                         Case No.:  C02 05146 RMW

12          Plaintiff,

13  v.                                       **HARRIS & ZIDE'S SUPPLEMENTAL
                                             RESPONSE TO REQUEST FOR
14                                           PRODUCTION OF DOCUMENTS,
    HARRIS AND ZIDE, L.L.P., ROBERT T.       SET NUMBER ONE**
15  HARRIS AND FLINT C. ZIDE,

16          Defendants.

17

18  PROPOUNDING PARTY:   Plaintiff NATHAN BRACKEN

19  RESPONDING PARTY:    HARRIS & ZIDE

20  SET NUMBER:          One (1)

21        HARRIS & ZIDE hereby responds to NATHAN BRACKEN as follows:

22                   **GENERAL OBJECTIONS**

23        It should be noted that this responding party has not fully completed its investigation of the

24  facts relating to this case, has not fully completed its discovery in this action, and has not completed its

25  preparation for the trial.  All the responses contained herein are based upon such information and

26  documents which are presently available and specifically known to this responding party.  The

27  following responses are given without prejudice to responding party's right to produce any

28                                    - 1 -

**EXHIBIT**
2

1   subsequently discovered responsive documents or materials.  Responding party accordingly reserves

2   the right to change any and all answers herein.

3   **REQUEST FOR PRODUCTION NO. 1:**

4        All documents transmitted <u>to</u> Defendants regarding Plaintiff's alleged debts to Citibank South

5   Dakota, N.A. on or before the date Defendants first communicated with the Plaintiff.

6   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7        Responding party OBJECTS to this demand upon the ground that this demand seeks documents

8   that are privileged as attorney client communications.  Notwithstanding these Objections, and without

9   waiving these objections, responding party has conducted a diligent search and a reasonable inquiry

10  has been made in an effort to locate the documents requested, and no such non-privileged documents

11  exist.

12  **REQUEST FOR PRODUCTION NO. 2:**

13       All documents transmitted <u>to</u> Plaintiff by or on behalf of Defendants regarding Plaintiff's

14  alleged debts to Citibank South Dakota, N.A.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

16       Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

17  client communications.  Also, this request seeks documents that are not likely to lead to the discovery

18  of admissible evidence.  Relevance is limited by the allegations of the Complaint, which allege that

19  responding party violated the law upon the sending of the August 15, 2002 letter.  Therefore, any

20  activity after August 15, 2002, is immaterial and irrelevant.  As to documents that were sent to

21  responding party prior to August 15, 2002, responding party OBJECTS to this demand upon the

22  ground that this demand seeks documents that are equally available to plaintiff: the August 15, 2002

23  letter.  As to documents transmitted to Plaintiff after August 15, 2002, Plaintiff has a copy of the

24  August 26, 2003 letter, and so responding party OBJECTS to this demand upon the ground that this

25  demand seeks documents that are equally available to plaintiff.  It would be unduly burdensome and

26  oppressive to reproduce this document.  Responding party will not produce any documents responsive

27  to this request.

28                                    - 2 -

1  **REQUEST FOR PRODUCTION NO. 5:**

2       All telephone records showing communications between Defendants and Plaintiff on each date

3  of communication on attempted communication.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5       Responding party OBJECTS to this demand upon the ground that this demand seeks documents

6  that are not likely to lead to the discovery of admissible evidence. Relevance is limited by the

7  allegations of the Complaint, which alleges that responding party violated the law upon the sending of

8  the August 15, 2002 letter. Responding party also objects to this request because it seeks attorney-

9  work product. Notwithstanding these objections, and without waiving these objections, responding

10  party will produce non-privileged documents.

11

12  Dated: December 29, 2003

13                              MURPHY, PEARSON, BRADLEY & FEENEY

14

15                              By _____

16                                   June D. Coleman

17                                   Attorneys for Defendants HARRIS & ZIDE, L.L.P.,
                                     ROBERT T. HARRIS, FLINT C. ZIDE

18
     JDC.10201222
19

20

21

22

23

24

25

26

27

28                                         - 3 -

1

## CERTIFICATE OF SERVICE

2    I, Song Cornell, declare:

3    I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4 interested in the within entitled cause.  My business address is 701 University Avenue, Suite 150,

5 Sacramento, California 95825.

6    On December 29, 2003, I served the following document(s) on the parties:

7    **HARRIS & ZIDE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS, SET NUMBER ONE**

8

9    **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The

10 above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon

11 fully prepaid, and deposited with the United States Postal Service at Sacramento, California on this

12 date, addressed as follows:

13

14 Ronald Wilcox, Esq.                          **Attorney for** Plaintiff Nathan Bracken
2160 The Alameda
First Floor, Suite F

15 San Jose, CA  95126-1122

16    I declare under penalty of perjury under the laws of the State of California that the foregoing is

17 a true and correct statement and that this Certificate was executed on December 29, 2003.

18

19

20                          By _Song Cornell_
                              Song Cornell

21

22

23

24

25

26

27

28                                        - 4 -

**HARRIS & ZIDE'S SUPPLEMENTAL RESPONSE TO REQUEST FOR
PRODUCTION OF DOCUMENTS, SET NUMBER ONE**

# MURPHY, PEARSON, BRADLEY & FEENEY

ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
701 UNIVERSITY AVENUE, SUITE 150
SACRAMENTO, CA 95825
Telephone: (916) 565-0300 / Facsimile: (916) 565-1636
web: www.mpbf.com

December 29, 2003

*Via Facsimile & U.S. Mail*

Ronald Wilcox, Esq.
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126-1122

   *Re:*  ***Bracken v. Harris & Zide***
      ***Our File No.: XHRT.110141.2***

Dear Mr. Wilcox:

  Enclosed please find further production of Harris & Zide documents as follows in the above-referenced case:

    H&Z 0001       H&Z 0002

         Very truly yours,

         Song Cornell
         Legal Assistant to JUNE D. COLEMAN

SAT1.10201243
Enclosures

SAN FRANCISCO OFFICE

88 Kearny Street, 10th Floor
San Francisco, CA 94108
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

LOS ANGELES OFFICE

12400 Wilshire Blvd., Suite 570
Los Angeles, CA 90025
Telephone: (310) 442-8300
Facsimile: (310) 442-8380

# LAW OFFICES OF HARRIS & ZIDE, L.L.P.
## ACCOUNT DETAIL REPORT
### CLIENT NUMBER:10008 - CCSI-CLSSC BANKCARD VISA

Case5:02-cv-051... Filed12/30/03   Page9 of 23

## Primary Debtor Information

ACKEN, NATHAN L
4 VERBENA DRIVE
ST PAOLO ALTO, CA  94303
8-735-1903

Account Number: 4128004047657912
Date Listed: 08 '14/02
Placed Amount:      3,298.38
Current Balance:    3,298.38
Internal Number: 10 008.010.2421

### Narratives:

| Date | Time | User ID | Trans Code | Description | Next Date |
|---|---|---|---|---|---|
| 26/02 | 10:23 | FRANK | TRN EMPV VBANK | CALLED HOME PHONE FOR DEBTOR 1 VERIFIED DEBTOR'S EMPLOYMENT VERIFIED DEBTOR'S BANK INFORMATION AND WILL CALL BACK. ADVSD DB WE WL F/S TILL THN. | |
| 26/02 | 10:19 | FRANK | MIR | FDCPA/MIRANDA LANGUAGE GIVEN ON 08/26/02 | |
| 15/02 | 18:06 | L-PROC | LTR-A1200 | LETTER NO. A1200 (INITIAL DEMAND/RIGHT TO CURE LETTER) PRINTED AND SENT 08/15/02 | |
| 15/02 | 17:58 | ROBERT | ATTYREV | ACCOUNT REVIEWED BY ATTORNEY ROBERT T. HARRIS AND APROVED FOR INITIAL DEMAND LETTER | |
| 15/02 | 17:49 | AUTORESP | ACK | ACCOUNT ACKNOWLEDGEMENT CHARGE-OFF AMOUNT: $3,298.38 | |
| 14/02 | 09:00 | CCSI | FFT | NEW PLACEMENT RECEIVED AT ATTORNEY | |
| 14/02 | 09:00 | CCSI | FFT | AS | 1147 AYALA DR APT 4 | 94086 POE| | BI | | PR | URBE | |
| 06/02 | 09:00 | CCSI | FFT | LAST COMMENT: LIT  HP408-735-1903 SPK W/OTH ML  HP408-735-1903 SPK W/OTH MAN | |
| 17/02 | 09:00 | CCSI | FFT | | |

H8Z 0001

# LAW OFFICES OF HARRIS & ZIDE, L.L.P.
## ACCOUNT DETAIL REPORT
### CLIENT NUMBER:10008 - CCSI-CLSSC BANKCARD VISA

## Primary Debtor Information:

ACKEN, NATHAN L
VERBENA DRIVE
T PAOLO ALTO, CA  94303
-735-1903

Account Number: 4128004047657912
Date Listed: 08/14/02
Placed Amount:      3,298.38
Current Balance:      3,298.38
Internal Number: 10008.010.2421

## Narratives:

| ate | Time | User ID | Trans Code | Description | Next Date |
|------|-------|---------|------------|-------------|-----------|
| 5/02 | 09:57 | | | | |
| 29/02 | 16:09 | GABRIEL | TDA | TELEPHONED DEBTOR'S ATTORNEY. NOTES OF CONVERSATION:LEFT MESSAGE | |
| 07/02 | 15:46 | FLINT | TDA | TELEPHONED DEBTOR'S ATTORNEY. NOTES OF CONVERSATION:LFT MSG TO CALL | |
| 22/02 | 18:43 | FRANK | TDA | TELEPHONED DEBTOR'S ATTORNEY. NOTES OF CONVERSATION:LMTC 4 REP 2 C/B. WE ND POA LTR. | |
| 12/02 | 10:13 | FRANK | TDA | TELEPHONED DEBTOR'S ATTORNEY. NOTES OF CONVERSATION:LMTC 4 REP "STYLE ". | |
| 11/02 | 16:50 | FRANK | RCFDA | RECV CALL FROM DEBTORS ATTY - DEMI IDD HE SND POA LTR B4 ANY LIT SHALL CMMNCE. | |
| 10/02 | 09:09 | ERICK | FFT | RECEIVED CALL FROM MR. STYLES W/ DEBT RESCUE #562-256-1023  ASKED THAT YOU CALL HIM BACK. | |
| 27/02 | 16:04 | FRANK | LTR-A1205 | LETTER NO. A-1205 (NOTICE PAYMENT NOT RECIEVED AS AGREED) - PRINTED AND SENT 08/27/02. | |
| 27/02 | 16:03 | FRANK | TRN | CALLED HOME PHONE FOR DEBTOR 1 ATTEMPTED CONTACT AND GOT NO ANSWER | |
| 27/02 | 16:03 | FRANK | TBN | CALLED POE PHONE FOR DEBTOR 1 ATTEMPTED CONTACT AND LEFT MSG ON VOICE MAIL | |

452 0002

1 | Mark E. Ellis - 127159
  | June D. Coleman - 191890
2 | MURPHY, PEARSON, BRADLEY & FEENEY
  | 701 University Avenue, Suite 150
3 | Sacramento, CA  95825
  | Tel: (916) 565-0300
4 | Fax: (916) 565-1636

5 | Attorneys for Defendants
  | HARRIS & ZIDE, L.L.P., ROBERT T. HARRIS, FLINT C. ZIDE
6

7
8 | ## UNITED STATES DISTRICT COURT

9 | ## NORTHERN DISTRICT OF CALIFORNIA

  | ### SAN JOSE DIVISION
10

11
   | NATHAN BRACKEN,                          Case No:  C02 05146 RMW
12
   |         Plaintiff,
13   |                                          **HARRIS & ZIDE, L.L.P.'S RESPONSE**
   | v.                                       **TO REQUEST FOR PRODUCTION OF**
14   |                                          **DOCUMENTS, SET NUMBER ONE**
   | HARRIS AND ZIDE, L.L.P., ROBERT T.
15 | HARRIS AND FLINT C. ZIDE,

16 |         Defendants.

17

18
   | PROPOUNDING PARTY:   Plaintiff NATHAN BRACKEN
19
   | RESPONDING PARTY:    Defendant HARRIS & ZIDE, L.L.P.
20
   | SET NUMBER:          One (1)
21
   |        Defendant HARRIS & ZIDE, L.L.P. hereby responds to NATHAN BRACKEN as follows:
22
   |                              **GENERAL OBJECTIONS**
23
   |        It should be noted that this responding party has not fully completed its investigation of the
24
   | facts relating to this case, has not fully completed its discovery in this action, and has not completed
25
   | its preparation for the trial.  All the responses contained herein are based upon such information and
26
   | documents which are presently available and specifically known to this responding party.  The
27
   | following responses are given without prejudice to responding party's right to produce any
28
   | - 1 -

**EXHIBIT
3**

1 │ subsequently discovered responsive documents or materials.  Responding party accordingly reserves
2 │ the right to change any and all answers herein.

3 │ **REQUEST FOR PRODUCTION NO. 1:**

4 │ All documents transmitted <u>to</u> Defendants regarding Plaintiff's alleged debts to Citibank South
5 │ Dakota, N.A. on or before the date Defendants first communicated with the Plaintiff.

6 │ **RESPONSE TO DEMAND NO. 1.:**

7 │     Responding party OBJECTS to this demand upon the ground that this demand seeks
8 │ documents that are privileged as attorney client communications.  Notwithstanding these Objections,
9 │ and without waiving these objections, responding party will produce all responsive, relevant, and
10 │ non-privileged documents that are within responding party's possession, custody, and control.

11 │ **REQUEST FOR PRODUCTION NO. 2:**

12 │     All documents transmitted <u>to</u> Plaintiff by or on behalf of Defendants regarding Plaintiff's
13 │ alleged debts to Citibank South Dakota, N.A.

14 │ **RESPONSE TO DEMAND NO. 2.:**

15 │     Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-
16 │ client communications.  Also, this request seeks documents that are not likely to lead to the
17 │ discovery of admissible evidence.  Relevance is limited by the allegations of the Complaint, which
18 │ allege that responding party violated the law upon the sending of the August 15, 2002 letter.
19 │ Therefore, any activity after August 15, 2002, is immaterial and irrelevant.  As to documents that
20 │ were sent to responding party prior to August 15, 2002, responding party OBJECTS to this demand
21 │ upon the ground that this demand seeks documents that are equally available to plaintiff:  the August
22 │ 15, 2002 letter.   It would be unduly burdensome and oppressive to reproduce this document.
23 │ Responding party will not produce any documents responsive to this request.

24 │ **REQUEST FOR PRODUCTION NO. 3:**

25 │ All documents transmitted to Defendants by or on behalf of Citibank South Dakota, N.A. with
26 │ regard to Plaintiff's alleged debt(s).

27 │

28 │

- 2 -

1  **RESPONSE TO DEMAND NO. 3.:**

2      Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

3  client communications.   Also, this request seeks documents that are not likely to lead to the

4  discovery of admissible evidence.  Relevance is limited by the allegations of the Complaint, which

5  allege that responding party violated the law upon the sending of the August 15, 2002 letter.

6  Therefore, any activity after August 15, 2002, is immaterial and irrelevant.   As to documents that

7  were sent to responding party prior to August 15, 2002, this portion of the request duplicates

8  Request No. 1.  It would be overly burdensome and oppressive to re-produce these same documents

9  again.  Responding party will not produce any documents responsive to this request.

10  **REQUEST FOR PRODUCTION NO. 4:**

11  All documents indicating authorization to represent Plaintiff's creditors, including but not limited to

12  Citibank South Dakota, N.A.

13  **RESPONSE TO DEMAND NO. 4.:**

14      Responding party OBJECTS to this request upon the ground that this request seeks

15  confidential, private financial information that is not relevant to this matter and is not likely to lead

16  to the discovery of admissible evidence.  Also, Responding party objects because this document is

17  already within the possession of plaintiff, in redacted form, as Exhibit 3 to the Motion to Dismiss.  It

18  would be overly burdensome and oppressive to re-produce this document again.  Responding party

19  will not re-produce this document.

20  **REQUEST FOR PRODUCTION NO. 5:**

21  All telephone records showing communications between Defendants and Plaintiff on each date of

22  communication on attempted communication.

23  **RESPONSE TO DEMAND NO. 5.:**

24      Responding party OBJECTS to this demand upon the ground that this demand seeks

25  documents that are not likely to lead to the discovery of admissible evidence.    Relevance is limited

26  by the allegations of the Complaint, which alleges that responding party violated the law upon the

27  sending of the August 15, 2002 letter.  Therefore, telephonic communications, all of which occurred

28

- 3 -

after August 15, 2002, are immaterial and irrelevant. Responding party will not be producing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All manuals, procedures, and protocols used by Defendants to comply with the Fair Debt Collection Practices Act.

**RESPONSE TO DEMAND NO. 6.:**

Responding party OBJECTS to this demand upon the ground that this demand seeks documents that are not likely to lead to the discovery of admissible evidence. Relevance is limited by the allegations of the Complaint, which alleges that responding party violated the law upon the sending of the August 15, 2002 letter. Therefore, only such manuals and other documents reflecting procedures and protocols used by responding party to comply with the Fair Debt Collection Practices Act relevant to the allegations of the First Amended Complaint are material and relevant. Responding party also OBJECTS on the grounds of attorney work product doctrine. Notwithstanding these objections, and without waiving these objections, responding party respond as follows: Responding party uses **A Guide to the Fair Debt Collection Practices Act** (Am. Collectors Ass'n 2001) to comply with the Fair Debt Collection Practices Act. However, this is a copyrighted publication that cannot be reproduced and is publicly available from the American Collectors Association, Inc. for a nominal amount.

**REQUEST FOR PRODUCTION NO. 7:**

All documents identified in response to the first set of interrogatories.

**RESPONSE TO DEMAND NO. 7.:**

Responding party OBJECTS to this demand upon the ground that this demand on the basis that the interrogatories in question were vague and ambiguous. The interrogatories in question also seek information that is not likely to lead to the discovery of admissible information. The interrogatories in question also seeks information that is subject to the attorney-client communication privilege and the attorney work product doctrine. Responding party objects to this demand upon the ground that this demand seeks documents that are equally available to plaintiff: the August 15, 2002

1  letter, and the contract attached as Exhibit 3 in support of the Motion to Dismiss.  In light of these

2  circumstances, it would be unduly burdensome and oppressive to reproduce these documents.

3  Responding party will not produce any documents responsive to this request.

4  **REQUEST FOR PRODUCTION NO. 8:**

5  All documents consulted in responding to the first set of interrogatories.

6  **RESPONSE TO DEMAND NO. 8.:**

7        Responding party OBJECTS to this demand upon the ground that this demand seeks

8  documents protected by the attorney work product doctrine.  Also, the documents sought are not

9  likely to lead to the discovery of admissible evidence.  **Maple Drive-In Theatre Corp. v. Radio-**

10 **Keith-Orpheum Corp.** (D.C.N.Y. 1956) 153 F.Supp. 240; **United States v. National Steel Corp**

11 (S.D. Texas 1960) 26 F.R.D. 599; **Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc.**

12 (D.C.N.Y. 1956) 18 F.R.D. 379.  Responding party will not produce any documents.

13 **REQUEST FOR PRODUCTION NO. 9:**

14 All documents concerning Plaintiff's alleged debts and Defendants' efforts to investigate and collect

15 thereon, including internal collection records, audit records, and correspondence.

16 **RESPONSE TO DEMAND NO. 9.:**

17       Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

18 client communications and attorney work product.  Also, responding party seeks documents that are

19 not likely to lead to the discovery of admissible evidence.  Relevance is limited by the allegations of

20 the Complaint, which allege that responding party violated the law upon the sending of the August

21 15, 2002 letter.  Therefore, any activity after August 15, 2002, is immaterial and irrelevant.  As to

22 documents that were sent to responding party prior to August 15, 2002, this portion of the request

23 duplicates Request No. 1.  It would be overly burdensome and oppressive to re-produce these same

24 documents again.  Responding party will produce all responsive, non-privileged, relevant documents

25 that are within the possession, control, or custody of responding party.

26

27

28

- 5 -

1   **REQUEST FOR PRODUCTION NO. 10:**

2   All judgments, court opinions, complaints, and consent orders relating to Defendants and their acts

3   or practices under the FDCPA in or after 1998.

4   **RESPONSE TO DEMAND NO. 10.:**

5       Responding party OBJECTS to this demand upon the ground that this demand seeks

6   information beyond the relevant time period.  This documents sought are unlikely to lead to the

7   discovery of admissible evidence and are irrelevant.  (See **Powell v. Computer Credit, Inc.** (S.D.

8   Ohio 1997) 975 F.Supp. 1034, 1039; **Dewey v. Associated Collectors, Inc. Midwest Billing Serv.**

9   (W.D. Wisc. 1996) 927 F.Supp. 1172, 1175-76; **Byes v. Credit Bureau Enterprises, Inc.** (E.D.

10   La. 1995) slip op., 1995 U.S. Dist. LEXIS 13559, *2.)   Notwithstanding these objections and

11   without waiving these objections, responding party respond as follows:  Responding party has no

12   such documents in responding party's possession, control, or custody.

13   **REQUEST FOR PRODUCTION NO. 11:**

14   Any insurance agreement under which any person carrying on an insurance business may be liable to

15   satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for

16   payments made to satisfy the judgment.

17   **RESPONSE TO DEMAND NO. 11.:**

18       Responding party has made a diligent search for the documents or things demanded and a

19   reasonable inquiry in an effort to comply with this demand.  Responding party is unable to produce

20   the item demanded because such document does not exist.

21   **REQUEST FOR PRODUCTION NO. 12:**

22   All agreements with Citibank South Dakota, N.A. and any intermediary or forwarder concerning

23   collection of debts such as Plaintiff's alleged debts.

24   **RESPONSE TO DEMAND NO. 12.:**

25       Responding party OBJECTS to this demand upon the ground that this demand seeks

26   documents that are not likely to lead to the discovery of admissible evidence relevant to the issues

27   raised in the First Amended Complaint.  This demand is vague and ambiguous as to the terms

28

1  intermediary and forwarder.  This demand also seeks documents that contain confidential, financial

2  information that invades responding party' federal and California constitutional rights to financial

3  privacy.  Notwithstanding these objections, and without waiving these objections, Responding party

4  has made a diligent search for the documents or things demanded and a reasonable inquiry in an

5  effort to comply with this demand.  Responding party is unable to produce the item demanded

6  because there are no such documents in responding party's possession, custody, or control, and

7  responding party does not know of the existence of any such documents.

8  **REQUEST FOR PRODUCTION NO. 13:**

9  All agreements with Citibank South Dakota, N.A. and any intermediary or forwarder concerning

10  purchase or guarantee of debts such as Plaintiff's alleged debts.

11  **RESPONSE TO DEMAND NO. 13.:**

12  Responding party OBJECTS to this demand upon the ground that this demand seeks

13  documents that are not likely to lead to the discovery of admissible evidence relevant to the issues

14  raised in the First Amended Complaint.  This demand is vague and ambiguous as to the terms

15  intermediary and forwarder.  This demand also seeks documents that contain confidential, financial

16  information that invades responding party' federal and California constitutional rights to financial

17  privacy.  Notwithstanding these objections, and without waiving these objections, Responding party

18  have made a diligent search for the documents or things demanded and a reasonable inquiry in an

19  effort to comply with this demand.  Responding party is unable to produce the item demanded

20  because there are no such documents in responding party's possession, custody, or control, and

21  responding party does not know of the existence of any such documents.

22  **REQUEST FOR PRODUCTION NO. 14:**

23  All collection records maintained by Defendants as to Plaintiff's accounts, with a key to

24  abbreviations used thereon, such as codes for letters, personnel, activities.

25  **RESPONSE TO DEMAND NO. 14.:**

26  Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

27  client communications.  This demand is also vague and ambiguous as to what is meant by the phrase

28  - 7 -

1    "collection records." Also, responding party seeks documents that are not likely to lead to the

2    discovery of admissible evidence. Relevance is limited by the allegations of the Complaint, which

3    allege that responding party violated the law upon the sending of the August 15, 2002, letter.

4    Therefore, any activity after August 15, 2002, is immaterial and irrelevant. As to collection records

5    regarding activity prior to August 15, 2002, this portion of the request is duplicative of request

6    No. 9. Responding party will not produce any documents in response to this request.

7    **REQUEST FOR PRODUCTION NO. 15:**

8    All documents, logs, and correspondence relating to Plaintiff's alleged debts to creditors, including

9    but not limited to Citibank South Dakota, N.A.

10   **RESPONSE TO DEMAND NO. 15.:**

11   Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

12   client communications. This request is also vague and ambiguous as to the phrase "documents, logs,

13   and correspondence." Also, responding party seeks documents that are not likely to lead to the

14   discovery of admissible evidence. Relevance is limited by the allegations of the Complaint, which

15   allege that responding party violated the law upon the sending of the August 15, 2002 letter.

16   Therefore, any activity after August 15, 2002, is immaterial and irrelevant. As to documents

17   obtained after August 15, 2002, or activity by responding party after August 15, 2002, which related

18   to plaintiff, this portion of the request is duplicative of request No. 9 and 14. Responding party will

19   not produce any documents in response to this request.

20   **REQUEST FOR PRODUCTION NO. 16:**

21   All documents substantiating your affirmative defenses.

22   **RESPONSE TO DEMAND NO. 16.:**

23   Responding party has not fully completed responding party's investigation of the facts

24   relating to this case, has not fully completed discovery in this action, and has not completed

25   preparation for the trial. This response, and indeed all the responses contained herein, are based

26   upon such information and documents which are presently available and specifically known to this

27   responding party. The following responses are given without prejudice to responding party's right to

28

- 8 -

1   produce any subsequently discovered responsive documents or materials. Responding party

2   accordingly reserves the right to change this response, and any and all answers herein. The

3   documents that support responding party's affirmative defenses have already been provided to

4   plaintiff as exhibits supporting the Motion to Dismiss. As such, it would be overly burdensome and

5   oppressive to re-produce such documents. Responding party will not produce any documents in

6   response to this request.

7   **REQUEST FOR PRODUCTION NO. 17:**

8   Copies of any records showing fees/emoluments paid by Citibank South Dakota, N.A. to Defendants

9   during each year since the Defendants began doing collections on behalf of Citibank South Dakota,

10  N.A.

11  **RESPONSE TO DEMAND NO. 17.:**

12          Responding party OBJECTS to this demand upon the ground that this demand seeks attorney-

13  client communications. This request also seeks documents which contain financial information,

14  disclosure of which would violate responding party' right to privacy under the federal and California

15  constitutions. This request is also vague and ambiguous as to the phrase "fees/emoluments." Also,

16  this request seeks documents that are not likely to lead to the discovery of admissible evidence.

17  Relevance is limited by the allegations of the Complaint, which allege that responding party violated

18  the law upon the sending of the August 15, 2002 letter. This request does not relate to any of the

19  allegations in the First Amended Complaint. Responding party will not produce any documents in

20  response to this request.

21  **REQUEST FOR PRODUCTION NO. 18:**

22  All W-2, 1099 or similar tax reporting forms (relating to services rendered) received by the

23  Defendants for 2000-2002.

24  **RESPONSE TO DEMAND NO. 18.:**

25          Responding party OBJECTS to this demand upon the ground that this demand is unlikely to

26  lead to the discovery of admissible evidence in that this action is not yet certified as a class action.

27  Without class certification, this information is not required to determine damages under **15 U.S.C. §**

28                                              - 9 -

1  **1692(k)** of the Fair Debt Collection Practices Act. Also, this request seeks documents that contain
2  information protected by the federal and California constitutional rights of privacy. This request is
3  overly burdensome and oppressive in light of the lack of relevancy of the information sought at this
4  stage of the litigation. Also, this request invades the attorney client communication privilege.
5  Responding party will not produce any documents responsive to this request.

6  **REQUEST FOR PRODUCTION NO. 19:**

7  The summons page of each suit filed by or on behalf of each of the Defendants for Citibank South
8  Dakota, N.A. in California during 2000-2002.

9  **RESPONSE TO DEMAND NO. 19.:**

10  Responding party OBJECTS to this demand upon the ground that this demand seeks
11  documents that are a matter of public record. This request is overly burdensome and oppressive
12  since plaintiff is equally able to gather such documents. This amounts to thousands of summons
13  pages. Responding party will not produce any documents responsive to this request.

14  **REQUEST FOR PRODUCTION NO. 20:**

15  All documents showing submission of Plaintiff's account information to any of the three national
16  reporting bureaus, Equifax, Transunion, and Experian.

17  **RESPONSE TO DEMAND NO. 20.:**

18  Responding party OBJECTS to this demand upon the ground that this demand seeks
19  documents that are not likely to lead to the discovery of admissible evidence. Relevance is limited
20  by the allegations of the Complaint, which allege that responding party violated the law upon the
21  sending of the August 15, 2002 letter. There is no allegation in the First Amended Complaint which
22  even references credit reporting. Responding party will not produce any documents in response to
23  this request.

24  **REQUEST FOR PRODUCTION NO. 21:**

25  All financial reports of each of the Defendants for the past three years including without limitation,
26  cash-flows statements, income statements, balance sheets, listings of accounts receivable, tax
27  returns, and firm valuation reports.

28

- 10 -

1    **RESPONSE TO DEMAND NO. 21.:**

2        Responding party OBJECTS to this demand upon the ground that this demand is unlikely to

3    lead to the discovery of admissible evidence in that this action is not yet certified as a class action.

4    Without class certification, this information is not required to determine damages under **15 U.S.C. §**

5    **1692(k)** of the Fair Debt Collection Practices Act.  Also, this request seeks documents that contain

6    information protected by the federal and California constitutional rights of privacy.  This request is

7    overly burdensome and oppressive in light of the lack of relevancy of the information sought at this

8    stage of the litigation.  Also, this request seeks documents that contain information that would invade

9    the attorney client communication privilege.  This request is also vague and ambiguous.  Responding

10   party will not produce any documents responsive to this request.

11   Dated:  April 30, 2003

12                            MURPHY, PEARSON, BRADLEY & FEENEY

14                         By _/s/_

15                            June D. Coleman

16                            Attorneys for Defendants HARRIS & ZIDE, L.L.P.,
                              ROBERT T. HARRIS, FLINT C. ZIDE

18   JDC.13.doc

28                               - 11 -

**VERIFICATION**

I, FLINT C. ZIDE, declare:

I am an partner of Harris & Zide, L.L.P., a defendant in the within entitled action **Bracken v. Harris & Zide** and make this verification on its behalf.

I have read the foregoing **DEFENDANT HARRIS & ZIDE'S RESPONSE TO BRACKEN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1** and the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement.

Executed this 30th of April, 2003, at South Pasadena, California.

_____
FLINT C. ZIDE

10170686

1          **VERIFICATION**

2          I, FLINT C. ZIDE, declare:

3          I am an partner of Harris & Zide, L.L.P., a defendant in the within entitled action **Bracken v.**

4   **Harris & Zide** and make this verification on its behalf.

5          I have read the foregoing **DEFENDANT HARRIS & ZIDE'S RESPONSE TO**

6   **BRACKEN'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1** and the same is true of

7   my own knowledge, except as to those matters which are therein stated on information and belief, and

8   as to those matters, I believe them to be true.

9          I declare under penalty of perjury under the laws of the State of California that the foregoing is

10  a true and correct statement.

11         Executed this 30th of April 2003, at South Pasadena, California.

12

13

14                                   FLINT C. ZIDE

15

16  10170686

17

18

19

20

21

22

23

24

25

26

27

28