Mark E. Ellis - 127159
June D. Coleman - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Tel: (916) 565-0300
Fax: (916) 565-1636

Attorneys for Defendants
HARRIS & ZIDE, L.L.P., ROBERT T. HARRIS, and FLINT C. ZIDE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NATHAN BRACKEN,<br><br>    Plaintiff,<br><br>v.<br><br>HARRIS AND ZIDE, L.L.P., ROBERT T. HARRIS, FLINT C. ZIDE, AND FRANK TIRRE,<br><br>    Defendants. | Case No.:  C02 05146 RMW<br><br>**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]**<br><br>Date:  May 23, 2003<br>Time:  9:00 a.m.<br>Dept:  6 |

I, Robert T. Harris, declare that:

   1.   I am an attorney duly licensed to practice in all courts of the State of California, and am a partner with the law firm of Harris & Zide. I am also a defendant in the lawsuit captioned above. I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

   2.   I was admitted to the California Bar in 1966. My law career has included being Vice-President and General Counsel for Bullock's Department Stores, and most recently Regional Counsel for Federated Department Stores for approximately 20 years. After leaving Federated in 1988, I began

- 1 -

___

**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]** Case No.: 01AS02368

1  my own firm. I have been a collection attorney since that time. During my 15 years of experience as a collection attorney, I have acquired substantial experience and knowledge regarding collection law. Because my legal practice focuses on collection law, I am a member of the National Association of Retail Collection Attorneys and the American Collectors Association. Between approximately 1989 and 2001, I was a board member of Consumer Credit Counseling Services, which is a nonprofit organization that assists consumers in negotiating payment plans with creditors to provide an alternative to bankruptcy. I was also a member of the Civil and Small Claims Advisory Committee of the California Judicial Council from 1998 to 2000. I have also served as a judge pro tem since approximately 1983.

3. The Harris & Zide law firm focuses primarily on collection litigation. The Harris & Zide law firm filed approximately 7,000 collection lawsuits in 2002, at a rate of approximately 600 collection lawsuits per month. This year, the law firm has filed approximately 1,500 collection lawsuits.

4. On August 14, 2002, the law firm was retained by Citicorp to prosecute litigation against Mr. Bracken regarding an outstanding credit card debt he owed to Citicorp. Although Mr. Bracken claims that Citicorp's contract does not authorize Harris & Zide to prosecute litigation against Mr. Bracken in paragraph 60(3) of the Amended Complaint, Citicorp's contract with Harris & Zide retains Harris & Zide for the single and express purpose of prosecuting litigation. A true and correct copy of Citicorp's Agreement with Harris & Zide is attached to the Master List of Exhibits as **Exhibit 3**.

5. On August 15, 2002, I reviewed the firm's file regarding Mr. Bracken. Mr. Bracken owed $3,298.38 on his account, number 4128 0040 4765 7912. I analyzed all of the information provided by Citicorp, including the following: (1) the amount owed - for purposes of verifying that the balance is high enough to justify the expense of bringing a lawsuit; (2) Mr. Bracken's residential address - for purposes of verifying proper venue for a lawsuit, including both county and state; (3) the fact that Mr. Bracken was employed - for purposes of viability of collection after judgment, (4) Mr. Bracken's employment address - for purposes of service of the summons and complaint; and (5) the

- 2 -

**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]** Case No.: 01AS02368

1  account number and the type of debt incurred by Mr. Bracken (Citicorp credit card) for purposes of (a)
2  confirming that under the client agreement Harris & Zide had authority to bring suit on behalf of
3  Citicorp, which it did, (b) confirming that the Citicorp Agreement had interest and attorneys' fees
4  provisions, and (c) confirming that the matter was within the statute of limitations.

5        6.  On August 15, 2002, when I reviewed the Bracken file, I was cognizant of the terms of
6  the credit card agreement that Citicorp utilizes. I reviewed the file to determine issues that were
7  relevant to prosecuting a collection action, for instance whether interest and attorneys' fees and costs
8  were collectable. I was also cognizant of the terms of the agreement between Citicorp and Harris &
9  Zide, and I knew the practices and procedures by which Citicorp referred collection matters to Harris
10 & Zide for purposes of pursuing collection litigation.  For instance, Citicorp does not refer matters to
11 Harris & Zide involving debts (1) which are included within a bankruptcy estate, (2) which are known
12 to be the result of identity theft, (3) which are known to be the result of fraud, (4) which are clearly
13 time barred by the statute of limitations, and (5) which are the subject of a debtor's legitimate dispute.

14       7.  On August 15, 2003, based on my review of the Bracken case file, I signed the
15 collection letter attached as Exhibit A to Bracken's Amended Complaint, and authorized its mailing.
16 In mailing this letter, I relied upon the information provided to me by Citicorp.  I was attempting to
17 avoid collection litigation by corresponding with Mr. Bracken, which is consistent with the public
18 policy to resolve claims prior to litigation.  I have reviewed the signature on the August 15, 2002 letter
19 attached as Exhibit A to the Amended Complaint and can authenticate the signature as my own.

20       8.  I am familiar with the invariable practices and procedures in which my law firm verifies
21 debts.  As stated in the letter to Mr. Bracken, Harris & Zide's invariable practice and procedure is to
22 obtain verification of a debt and mail it to the debtor regardless of whether the request is made orally
23 or in writing.

24       9.  Periodically, I have reviewed the Bracken file since my review on August 15, 2003.
25 The file was reviewed on seven different occasions by legal assistants in my office in the 70 days from
26 the time I initially reviewed the file on August 15, 2002, until the time that Mr. Bracken filed his
27 lawsuit against me, my partner, and my firm on October 23, 2002.  My firm was contacted by a

- 3 -

**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]** Case No.: 01AS02368

purported attorney claiming to represent Bracken on September 11, 2002. This fell within the 30-day validation period, which began to run upon Mr. Bracken's receipt of the August 15, 2002 letter. At that point, Harris & Zide delayed filing a lawsuit to discuss the matter with Bracken's purported attorney. This was done for several reasons, including the following: (1) in case a resolution could be had, (2) in case Mr. Bracken intended to file bankruptcy, (3) in case the attorney intended to provide information regarding some procedural impediment or affirmative defense, and (4) in case Bracken intended to dispute the debt. Indeed, if Bracken intended to dispute the debt within the initial 30 day validation period, the FDCPA, **section 1692g(b)**, would require that Harris & Zide cease any collection actiivity, including the filing of a lawsuit, until the debt was validated in writing. During the following 45 days that followed that initial September 11, 2002 communication from the purported attorney, various employees of Harris & Zide left messages four times with the purported attorney in an attempt to ascertain whether he was authorized to discuss Bracken's case. Mr. Bracken's complaint alleging FDCPA violations was filed on October 23, 2002, approximately 60 days after I sent the August 15, 2002. The. Bracken matter was handled in the same manner that every other matter is handled upon which Harris & Zide is retained.

10. After the filing of Bracken's Complaint against my partner, the firm, and me, the collection lawsuit against Bracken was further delayed for purposes of evaluating the FDCPA Complaint and negotiating a possible settlement. Nonetheless, when settlement negotiations were not fruitful, Harris & Zide did file the collection lawsuit against Mr. Bracken. Harris & Zide is in the process of attempting to serve this lawsuit, but these attempts have so far been frustrated by Mr. Bracken, who has also expressed an intent to file bankruptcy now.

11. Mr. Bracken never disputed the debt and has not paid this debt.

///

///

///

- 4 -

**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]** Case No.: 01AS02368

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 21st day of March 2003, in South Pasadena, California.

                                                  By s/Robert Harris
                                                       ROBERT T. HARRIS

JDC.10165464

I hereby attest that the content of the document is acceptable to the signatory. Defense counsel will maintain a copy of the signed document as required under the Local Rules for the United States District Court for the Northern District of California.

Date: March 21, 2003

                                         MURPHY, PEARSON, BRADLEY & FEENEY

                                         By s/June D. Coleman
                                            June D. Coleman
                                            Attorneys for Defendants
                                            HARRIS & ZIDE, L.L.P., ROBERT T. HARRIS,
                                            FLINT C. ZIDE

- 5 -

**DECLARATION OF ROBERT T. HARRIS IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT OF NATHAN BRACKEN PURSUANT TO FRCP RULE 12b(6), OR ,ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT [FRCP 56]** Case No.: 01AS02368